H. O. THOMPSON v. THE STATE.

No. 13912.    Delivered February 25, 1931.
Rehearing Denied April 8, 1931.

316

The opinion states the case.

*John W. Hill,* of Uvalde, and *T. B. Ridgell,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; penalty, confinement in the penitentiary for one year.

Lloyd Ellingwood is named as the purchaser. He testified that he purchased a pint of whisky from the appellant and paid him for it; that the transaction took place on the 5th day of April, 1930. Another witness testified to substantially the same effect.

By witnesses introduced the appellant set up the defense of alibi.

We find no bills of exception; nor does the record present for review any matter other than the sufficiency of the evidence. The conflict in the evidence was settled by the verdict of the jury.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the testimony in his behalf so far overcame the criminating testimony of the State, as to make it appear that the verdict was the result of passion or prejudice, and that his motion for rehearing should be granted. The testimony has been again considered. A young man testified positively to the fact that in the early part of April on Sunday, he bought whisky from appellant, paying him therefor. Another young man testified that he accompanied the alleged purchaser to a point near appellant's place, and knew that when said purchaser went to the house he did not have any whisky, but that when he came back he did have a bottle. This was substantially the State's testimony. Appellant introduced several witnesses, among them his daughter and son-in-law, and these parties testified that appel-

lant was not at his home on the first Sunday in April. The fixing of dates as to past events, in the absence of some memoranda or written testimony fixing same, is a very difficult matter, and one in ordinary cases about which the courts are not much concerned. The State's testimony shows positively a sale by appellant in early April. Whether this was the first Sunday in April or another Sunday, would be of little moment. The jury heard the witnesses and passed upon their credibility. We are not inclined to think the original opinion erroneous.

*Overruled.*